O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ MONREAL, | Case No. EDCV 07-1663 RNB |
| Plaintiff, | |
| vs. | ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff filed a Complaint herein on December 27, 2007, seeking review of the Commissioner's denial of his application for disability insurance benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on October 7, 2008. Thus, this matter now is ready for decision.[1]

**DISPUTED ISSUES**

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

    1.    Whether the Administrative Law Judge ("ALJ") misrepresented the record and properly considered the lay witness statements.

    2.    Whether the ALJ made proper credibility findings.

    3.    Whether the ALJ misrepresented the record and properly considered the treating psychiatrist's opinions.

    4.    Whether the ALJ considered the severity of plaintiff's mental impairment.

## DISCUSSION

In Bustamante v. Massanari, 262 F.3d 949, 953-55 (9th Cir.2001), the Ninth Circuit held that, in determining whether an individual is disabled, the ALJ must conduct the five-step inquiry contained in 20 C.F.R. § 404.1520(b)-(f) before considering the impact of alcoholism or drug addiction. See also, e.g., Taylor v. Astrue, 2008 WL 2018430, *8 (E.D. Cal. May 8, 2008) ("An ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction."); Lindsay v. Barnhart, 370 F. Supp. 2d 1036, 1044 (C.D. Cal. 2005) (noting that "it is reversible error for an ALJ to attempt to separate out the impact of a claimant's alcohol abuse before determining whether the claimant is disabled"). Thus, to the extent that the Commissioner is correct in his characterization that the ALJ "found that, absent his substance abuse, [p]laintiff did not have a medically determinable mental impairment" (see Jt Stip at 6-7, citing AR 16), the Court finds that the ALJ erred. Moreover, to the extent that the Commissioner's position with respect to Disputed Issue Nos. 1, 2, and 3 is premised on the ALJ's finding that plaintiff did not establish that he had a medically determinable mental impairment independent of substance abuse (see Jt Stip at 7-8, 10-11, 14), the Court is compelled

to reject the Commissioner's position.

The Court further notes that, in the October 26, 2005 decision on plaintiff's prior benefits applications, the prior ALJ found <u>inter alia</u> that plaintiff suffered from a severe mental impairment. Consequently, the prior ALJ limited plaintiff to entry level work consisting of routine, repetitive tasks in his residual functional capacity ("RFC") assessment. Based on his RFC determination, the prior ALJ found that plaintiff was not disabled because he was capable of performing his past relevant work as a waiter and that, even if plaintiff had no past relevant work or was unable to return to his past relevant work, he was not disabled because jobs existed in significant numbers in the national economy that a person with plaintiff's vocational factors and RFC could perform. (<u>See</u> AR 24, 29, 30, 31). Under <u>Chavez v. Bowen</u>, 844 F.2d 691, 694 (9th Cir. 1988), principles of res judicata made the prior ALJ's determination of plaintiff's RFC (which was premised on a finding that plaintiff suffered from a severe mental impairment) binding on the ALJ who rendered the decision in the instant case, absent new information not presented to the prior ALJ. <u>See</u> <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1173 (9th Cir. 2008). Since the Commissioner has failed to point out any such new information, the Court finds that the ALJ in the instant case erred in concluding that plaintiff did not suffer from a severe mental impairment. Moreover, to the extent that the Commissioner's position with respect to Disputed Issue No. 4 is premised on the ALJ's finding that plaintiff "did not show he had a medically determinable mental impairment during the relevant time period" (<u>see</u> Jt Stip at 16), the Court is compelled to reject the Commissioner's position.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. <u>See</u>, <u>e.g.</u>, <u>Salvador v. Sullivan</u>, 917 F.2d 13, 15 (9th Cir. 1990); <u>McAllister</u>, 888 F.2d at 603; <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted

where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, it appears to the Court that additional administrative proceedings could remedy the defects in the ALJ's decision since the Court is not convinced from its review of the record that plaintiff can sustain his burden of overcoming the presumption of continuing non-disability arising from the prior ALJ decision. See Chavez, 844 F.2d at 693.

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[2]

DATED: October 24, 2008

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court's review of the administrative record reveals another issue that neither side raised, but that will need to be addressed by the Commissioner on remand. The ALJ purported to be rendering a decision solely on the application for disability insurance benefits that plaintiff filed on December 21, 2005. (See AR 12, 73-77). However, there are numerous indications in the Administrative Record that plaintiff concurrently filed an application for Supplemental Security Income benefits (as the prior ALJ decision reflects plaintiff had done in 2003). (See AR 34, 94, 379, 385, 400, 404, 427).